**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TERRY L. CARTHEN,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP. *et al.*,<br><br>Defendants. | ) | Civil Action No. 25-2478 (ABJ) |

**MEMORANDUM OPINION**

Plaintiff Terry L. Carthen brought this negligence action against defendant Costco Wholesale Corporation ("Costco") and an unknown John Doe in the Superior Court of the District of Columbia. Compl., Attach. 1 to Notice of Removal [Dkt. # 1–1] ("Compl.") at 15. Plaintiff alleges that he was attacked by an unknown individual while purchasing fuel at a Costco gas station, and that defendant's failure to maintain the premises in a safe condition was the direct and proximate cause of plaintiff's resulting injuries. Compl. ¶¶ 16–24. He seeks an award of $2,000,000 in compensatory damages. Compl. at 20.

For the reasons set forth below, the Court will **GRANT** Costco's motion to dismiss. While plaintiff is understandably upset by the experience, he has not alleged facts to support a plausible inference that the incident was foreseeable to Costco such that Costco had a duty to prevent it.

**BACKGROUND**

On October 25, 2024, at approximately 4:07 p.m., plaintiff was purchasing fuel from a gas station owned and operated by defendant, when "an unknown individual" attacked him "without provocation or warning," striking him in the leg with a crowbar. Compl. ¶¶ 6–7. Plaintiff disarmed

the assailant by "snatching" the crowbar away, after which the assailant "proceeded to leave the scene towards the direction of [the] Costco store." Compl. ¶¶ 7–8. He complains that Costco staff failed to protect him during the assault, although the complaint does not mention whether any employees witnessed the attack. Compl. ¶ 12. Metropolitan Police later apprehended the assailant, who has been charged with simple assault and possession of a prohibited weapon. Compl. ¶ 8. Plaintiff claims the incident caused him to sustain physical injuries and emotional trauma, that he "continues to suffer from pain, emotional distress, and loss of mobility," and that he may "continue to suffer losses in the future." Compl. ¶¶ 9, 15.

On July 7, 2025, plaintiff filed this lawsuit in the Superior Court of the District of Columbia. Compl. at 15. Count One seeks relief on a theory of premises liability, alleging that defendant's breach of its duty to maintain its premises in safe condition for customers, "including taking necessary precautions to protect customers from foreseeable criminal acts committed by third parties, providing safe and secure shopping experience[,] and having necessary safety protocols," directly and proximately caused the injuries plaintiff sustained as a result of the attack. Compl. ¶ 17. Plaintiff alleges defendant breached this duty by 1) "failing to provide adequate and effective security at the fuel station and surrounding areas, which are known to pose increased risks due to public access"; 2) "failing to provide trained or visible security personnel at or near the fuel station"; 3) "providing inadequate and/or undertrained staff near the store"; 4) "failing to monitor the premises through adequate surveillance or real-time observation"; 5) "failing to take steps to prevent such incidents"; 6) "failing to respond promptly or proactively to known threats or disturbances"; 7) "failing to act on incidents or complaints of violent or criminal behavior at or near the premises"; 8) "failing to design and/or enforce policies to prevent escalation of disputes among customers"; 9) "failing to inspect and identify dangerous conditions on its premises"; 10)

"failing to conduct regular and reasonable inspections of motorized carts to either correct the hazardous condition or to give adequate warning to the customers including . . . plaintiff of its existence"; and 11) "failing to take reasonable steps to avoid a dangerous situation or remedy such situation after it was created or identified." Compl. ¶ 18 (cleaned up).

Defendant removed the case to this Court on July 30, 2025. Notice of Removal [Dkt. # 1] ("Notice") at 1.

On August 6, 2025, defendant moved to dismiss the complaint pursuant to the Federal Rule of Civil Procedure 12(b)(6) on the grounds that Costco did not owe plaintiff a duty protect him from the criminal acts of an independent actor because no special relationship existed between parties, and because the incident was not foreseeable. Def.'s Mot. to Dismiss [Dkt. # 5] ("Def.'s Mot.") at 1, 4–9. Plaintiff opposed the motion, Pl.'s Mem. in Opp. to Def.'s Mot. [Dkt. # 7] ("Pl.'s Opp."), and the matter is fully briefed. *See* Def.'s Reply in Support of Def. Mot. [Dkt # 8] ("Def.'s Reply"); Pl.'s Surreply to Def.'s Reply [Dkt # 13] ("Surreply").

**STANDARD OF REVIEW**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "[f]irst, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79, citing *Twombly*, 550 U.S. at 555–56.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing

*Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Therefore, when considering a motion to dismiss, a court must construe a complaint "liberally in the plaintiff's favor." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by a plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

**ANALYSIS**

To support a claim of negligence under D.C. law, a plaintiff must establish "a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Wash. Metro. Area Transit Auth. v. Ferguson*, 977 A.2d 375, 377 (D.C. 2009). In the District of Columbia, "[t]he question of whether a defendant owes a duty to a plaintiff under a particular set of circumstances is entirely a question of law that must be determined only by the court." *Tolu v. Ayodeji*, 945 A.2d 596, 601 (D.C. 2008), quoting *District of Columbia v. Shannon*, 696 A.2d 1359, 1365 (D.C. 1997).[1] Here, plaintiff alleges that Costco had a duty of care to protect him from the criminal acts of a third party under a premises liability theory. Compl. ¶¶ 16–24. Defendant maintains that Costco did not have such a duty because there was no special relationship between the parties that would give rise to a duty, and because the attack was not foreseeable. Def.'s Mot. at 4–9. Because plaintiff has not alleged facts sufficient to establish that Costco owed him a duty under the circumstances presented, the Court will grant defendant's motion to dismiss.

It is "well-settled that a business invitor has a duty of care to its patrons while they are on its premises." *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 807 (D.C. 2011), quoting *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 907 (D.C. Cir. 2006) (applying D.C. law). It is undisputed that plaintiff was a customer of Costco's gas station when the attack occurred, Compl. ¶ 6; Def.'s Mot. ¶ 1. Accordingly, a special relationship does exist which may give rise to a duty of care. However, where injuries result from the criminal acts of a third party, "the relationship

1 Plaintiff acknowledges that this case is governed by the law of the District of Columbia. Surreply at 2. His briefing, though, consists largely of citations to instances in which courts in other jurisdictions have used a lower threshold of foreseeability or assessed it under a different framework. Pl.'s Opp. at 3–10. Those authorities are not helpful here.

between the defendant and plaintiff is not alone sufficient to establish a duty of protection . . .; in addition, there must be some evidence that the defendant was, or should have been, on prior notice that the intervening criminal act was reasonably likely to occur." *Bd. of Trs. of Univ. of D.C. v. DiSalvo*, 974 A.2d 868, 872 (D.C. 2009). And in that context, "liability depends upon a more heightened showing of foreseeability than would be required if the act were merely negligent." *Id.* at 870, quoting *Potts v. District of Columbia*, 697 A.2d 1249, 1252 (D.C. 1997); *see also District of Columbia v. Beretta, USA Corp.*, 872 A.2d 633, 641 (D.C. 2005) ("[T]he requisite duty of care required for negligence is a function of foreseeability, arising only when foreseeability is alleged commensurate with the 'extraordinary nature of [intervening] criminal conduct.'").[2] "Specifically, heightened foreseeability factors directly into the duty analysis because a defendant is only liable for the intervening criminal acts of another 'if the criminal act is so foreseeable that a duty arises to guard against it.'" *DiSalvo*, 974 A.2d at 871, quoting *McKethean v. Wash. Metro. Area Transit Auth.*, 588 A.2d 708, 717 (D.C. 1991).

Thus, a premises liability claim based on a criminal act by a third party like this one must allege facts sufficient to establish the heightened showing of foreseeability. *Freyberg v. DCO 2400 14th St., LLC*, 304 A.3d 971, 980 (D.C. 2023). In *DiSalvo*, the D.C. Court of Appeals emphasized that "[t]he crux of heightened foreseeability is a showing of the defendant's increased awareness of the danger of a particular criminal act." 974 A.2d at 872 (internal quotation marks

2 The District of Columbia applies a "sliding scale": [i]f the relationship between the parties strongly suggests a duty of protection, then specific evidence of foreseeability is less important, whereas if the relationship is not of a type that entails a duty of protection, then the evidentiary hurdle is higher." *Workman v. United Methodist Comm. on Relief of Gen. Bd. of Glob. Ministries of United Methodist Church*, 320 F.3d 259, 263–64 (D.C. Cir. 2003) (applying D.C. law). Plaintiff does not allege the existence of a particular protective relationship which might support a lesser standard of foreseeability.

omitted). The court held that an attack on a student by armed assailants in a university garage was not foreseeable as a matter of law because the plaintiff did not "establish that [the university] had an increased awareness of the risk of a violent, armed assault in the parking garage," despite pointing to previous instances of assaults on campus, because "none was committed with a weapon, none was in a campus parking garage, and none resulted in any serious injury to the victim." *Id.* at 872–73. The opinion explained, "[i]t is not sufficient to establish a general possibility that the crime would occur, because . . . the mere possibility of crime is easily envisioned and heightened foreseeability requires more precision." *Id.*; *see also Bruno v. W. Union Fin. Servs., Inc.*, 973 A.2d 713, 721–22 (D.C. 2009) (finding that it was not foreseeable that a loiterer would attack a gas station customer when there was no prior history of loiterers or similar crimes that would have given rise to an increased awareness of the likelihood of such a crime); *Bailey v. District of Columbia*, 668 A.2d 817, 820 (D.C. 1995) (rejecting the argument that a shooting at a school cheerleading competition was foreseeable where there were no prior incidents of gun-related violence at similar events, despite a history of gun violence in the vicinity of the school); *Ellis v. Safeway Stores, Inc.*, 410 A.2d 1381, 1382 (D.C. 1979) (holding a grocery store had no duty to protect a customer from being attacked by another customer with an ice pick because the store had no way of anticipating an incident of that nature in advance).

According to the D.C. Court of Appeals, even when assessing a complaint, "[t]he bar for establishing heightened foreseeability . . . is relatively high because we want to 'limit the extent to which defendants become the insurers of others' safety from criminal acts,' and we do not want to invite an absurd sprawl of liability whereby everyone is responsible for preventing all crimes at all times." *Freyberg*, 304 A.3d at 977–78, quoting *DiSalvo*, 974 A.2d at 871. In that case, the plaintiff alleged that after a gunfight in the hallway of his apartment building caused a stray bullet to rupture

a sprinkler pipe and flood dozens of units, the defendants unlocked his apartment to allow contractors to perform repairs, left the door ajar without supervision or security, and his personal property was subsequently stolen. *Id.* at 975. He also asserted a separate negligence theory that the landlords' longstanding failure to secure the building – including failing to maintain exterior doors and locks, prevent unauthorized entry, remove trespassers, and address ongoing criminal activity – allowed the gunfight to occur in the first place, ultimately resulting in the theft of his property. *Id.* Adapting the *DiSalvo* principles to the consideration of a motion to dismiss, the court found plaintiff's allegations that the defendant was on notice of a heightened possibility of crime to be "merely conclusory" and insufficient to state a claim. *Id.* at 980. Unspecified claims of illegal activity occurring on the premises were not enough; plaintiff provided "no dates . . . of the alleged illegal activities and no description of the activities beyond vague terms," and he had "not specified what people were allegedly doing, or when, or in which common areas." *Id.*; *see also Beretta*, 872 A.2d at 643 (explaining that District of Columbia courts "have repeatedly said that 'generic' proffers of foreseeability do not suffice to create a duty of care" that would survive a motion to dismiss) (collecting cases); *Bailey*, 668 A.2d at 820 (foreseeability cannot be based on generic information such as crime rates in the area).

Although a plaintiff is not required to show "previous occurrences of the particular type of harm," he must identify "a combination of factors" that would give the defendant "an increased awareness of the danger of a particular criminal act." *District of Columbia v. Doe*, 524 A.2d 30, 33 (D.C. 1987). In short, he must allege facts which permit the inference that a defendant "*could* know in advance of the particular attack in question." *See Ellis*, 410 A.2d at 1382 (emphasis added) (holding liability on a failure-to-protect theory cannot be imposed just because it occurred "in a high crime area" if the defendant could not have known about a specific attack in advance);

*see also Workman*, 320 F.3d at 263–64 (in cases finding liability, the evidence generally demonstrated that it was just "a matter of time" until the crime occurred because of similar violent crime on the same property and the relationship between the plaintiff and defendant "suggested the defendant should be held liable as a matter of policy"); *DiSalvo*, 974 A.2d at 875 (in the few cases where D.C. courts have held that a defendant had a duty to protect the plaintiff from a criminal act, "the facts in evidence established that the defendant had reason to anticipate the type of particular criminal attack that actually occurred" including similar incidents on the same property as the plaintiff's attack).

Plaintiff has not alleged facts sufficient to support his claim that Costco was on notice that a third party would attack individuals filling their tanks at the gas station. He brings no previous incidents on the premises involving this particular type of harm to the Court's attention. Instead, he makes the broad assertion that the "assault occurred at a location open to the public where customers routinely gather, establishing a setting where criminal activity, including the type alleged, may be reasonably anticipated." Surreply at 2. But stating that a location is open to the public and frequented by customers is not enough to allege heightened foreseeability. Indeed, as a matter of policy, the public accessibility of a gas station may weigh against imposing a duty to protect patrons from the criminal acts of third parties because its open nature makes it "unavoidably more difficult for the store owners and employees to separate potential [criminal actors] from ordinary customers." *See Bruno*, 973 A.2d at 721.

Plaintiff's assertion that "[g]as stations bring together large numbers of customers in close quarters, involve the exchange of money, and often situate patrons in confined areas with restricted routes of escape," Pl.'s Opp. at 8, adds nothing more. Indeed, plaintiff describes the situation as a "*general* risk of violent confrontation at a busy commercial gas station . . . ." *Id.* (emphasis added).

"[H]eightened foreseeability requires more precision" than just establishing "a general possibility" that a crime could occur, *DiSalvo*, 974 A.2d at 872–73, and the allegations in the complaint fall far short of what is needed to establish the heightened foreseeability necessary to give rise to a duty of care.

Although plaintiff asserts that defendant "[f]ail[ed] to act on incidents or complaints of violent or criminal behavior," Compl. ¶ 18, he does not identify any specific occasions when there was any criminal activity on or near the premises in the past, nor does he describe what Costco know or should have known or did or should have done.

Plaintiff contends that, even if Costco could not have foreseen the specific attack, "once an assault [was] plainly visible, the 'foreseeability' hurdle [was] surpassed," at which point Costco had a duty to intervene. Surreply at 3–4. The Court need not decide whether that proposition is consistent with District of Columbia law because plaintiff has not alleged facts sufficient to support it. Plaintiff does not allege that any Costco employee witnessed the attack. His assertion that the incident occurred "where employees were present and capable of observing the unfolding attack" rests solely on allegations that the area was "public" and "open." Pl.'s Opp. at 6. And plaintiff's allegations that Costco "fail[ed] to respond promptly or proactively to known threats or disturbances" and failed to "remedy [the dangerous] situation after it was . . . identified," Compl. ¶ 18, are conclusory because he alleges no facts indicating that the attack was actually known to, observed by, or otherwise identified by Costco or its employees. Thus plaintiff has not alleged facts sufficient to infer the existence or breach of the alleged duty to intervene.

Finally, plaintiff alleges that Costco failed to warn him of a known or foreseeable risks. Compl. ¶¶ 13,18. However, "[g]enerally, there is no duty to warn of a danger which is as well known to the invitee as to the owner," and a business cannot be held liable for the criminal acts of

a third party on a failure-to-warn theory unless it had an opportunity to provide such a warning. *See Ellis*, 410 A.2d at 1383. The complaint and subsequent filings do not clearly identify the hazard to which plaintiff refers. Assuming plaintiff is talking about the attack on the open-air lot, his failure to allege facts showing that the attack was foreseeable and that Costco had some superior prior knowledge that he was at risk leaves him with no grounds to contention that Costco had an opportunity or duty to warn him. Plaintiff therefore has not established a duty of protection based on a failure-to-warn theory either.

**CONCLUSION**

Because plaintiff has not pled facts supporting a reasonable inference that Costco owed him a duty to protect him from the criminal acts of a third party, defendant's motion to dismiss will be **GRANTED.**

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: August 11, 2026